```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LA BARBERA, LAWRENCE KUDLA,        *
THOMAS GESUALDI, PAUL GATTUS,           *
THEODORE KING, CHESTER BROMAN,          *
FRANK FINKEL and JOSEPH FERRARA,        *
As Trustees and Fiduciaries of the      *
Local 282 Welfare, Pension, Annuity     *
and Job Training Trust Funds,           *
                                        *
                        Plaintiffs,     *       04-CV-5136 (JBW) (MDG)
                                        *
        - against -                     *
                                        *
                                        *
GRISDALE BALL, INC. and GRISDALE        *
MATURA PLUMBING CONTRACTORS, INC.       *
                                        *
                        Defendants.     *
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 2 0 2005 ★
BROOKLYN OFFICE

## DEFAULT JUDGMENT

The Clerk of the Court having noted the defaults of Defendants Grisdale Ball, Inc. and Grisdale Matura Plumbing Contractors, Inc. (collectively "Defendants"), and based upon the Declaration of Abigail R. Levy, the Declaration of Theresa Cody, the accompanying exhibits, and the applicable law, the Court hereby enters judgment against Defendants, as follows:

(1) The Court requires that Defendants submit to Plaintiffs for audit, no later than thirty (30) days after the date of this Order, the pertinent books and records, as defined in the Funds' Trust Agreement, for the period from September 1, 2001 to the present;

(2)    In the event any contributions are found to be due and owing, as revealed by the audits, Defendants shall pay Plaintiffs the amount of contributions owed, plus interest and liquidated damages, and attorneys' fees and costs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3)    In the event such books and records have not been maintained, any penalty provided for in the Trust Agreement shall be assessed, along with costs and attorneys' fees.

(a)    The failure of Grisdale Ball, Inc. to produce its pertinent books and records within thirty (30) days of the date of this Order shall permit Plaintiffs to collect a penalty, pursuant to the formula set forth in the Trust Agreement, in the amount of $192,201.22; plus interest through May 31, 2005, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Trust Agreement, in the amount of $39,550.23, plus additional interest pursuant to 29 U.S.C. § 1132(g)(2)(C)(i) and the Trust Agreement, in the amount of $39,550.23, for a total of $271,301.68.

(b)    The failure of Grisdale Matura Plumbing Contractors, Inc. to produce its pertinent books and records within thirty (30) days of the date of this Order shall permit Plaintiffs to collect a penalty, pursuant to the formula set forth in the Trust Agreement, in the amount of $47,251.09; plus interest through May 31, 2005, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Trust Agreement, in the amount of $12,650.13, plus additional interest pursuant to 29 U.S.C. § 1132(g)(2)(C)(i) and the Trust Agreement, in the amount of $12,650.13, for a total of $72,551.35.

Attorneys' fees and costs also should be awarded to the Trustees in the following amounts:

| COSTS | ATTORNEYS' FEES | TOTAL |
|---|---|---|
| $150.00 | $5,182.50 | $5,332.50 |

SO ORDERED.

7/11/05

JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE